**DISTRICT COURT OF MARYLAND FOR** Harford County

LOCATED AT (COURT ADDRESS)
2 S. Bond St, Bel Air, MD 21014, (410) 836-4545

CASE NO. **CV**

**COMPLAINT/APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT**
☒ $5,000 or under ☐ over $5,000 ☐ over $10,000

Clerk: Please docket this case in an action of ☐ contract ☒ tort ☐ replevin ☐ detinue ☐ bad faith insurance claim
The particulars of this case are:

### PARTIES

**Plaintiff**
Michael C. Worsham
1916 Cosner Road
Forest Hill, MD 21050-2210

VS.

**Defendant(s):**

1. Monitronics International, Inc.
2350 Valley View Lane
Suite 100
Dallas, Texas 75234-5736

Serve by: ☒ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

2. Serve on: CT Corporation System
1999 Bryan Street
Suite 900
Dallas, Texas 75201

Serve by: ☐ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

3. Alliance Security, Inc.
85 Garfield Avenue
Cranston, RI 02920

Serve by: ☒ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

4. Serve on: Resident agent, Sheldon Chamratz
85 Garfield Avenue, Cranston, RI 02920

Serve by: ☐ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

Plaintiff sues Defendants for violations of the Maryland Telephone Consumer Protections Act, for a solicitation call on June 17, 2015 to Plaintiff's cell phone number that is on the national Do Not Call List without prior express consent, and after Plaintiff told Defendants not to call Plaintiff. The details of the allegations made and damages sought in this suit are provided in the attached 9 page Complaint.

(See Continuation Sheet)

The Plaintiff claims $ 4,500 , plus interest of $ _____ , Interest at the ☐ legal rate ☐ contractual rate calculated at ____ %, from _____ to _____ ( ____ days x $ ____ per day) and attorney's fees of $ TBD plus court costs.
☐ Return of the property and damages of $ _____ for its detention in an action of replevin.
☐ Return of the property, or its value, plus damages of $ _____ for its detention in action of detinue.
☒ Other: Injunction relief to the extent the Court's authority allows. and demands judgment for relief.

_Michael C. Worsham_
Signature of Plaintiff/Attorney/Attorney Code
Printed Name: Michael C. Worsham
Address: 1916 Cosner Road, Forest Hill, MD 21050
Telephone Number: 410-692-2749
Fax:
E-mail: michael@magicmichael.net

### ATTORNEYS

For Plaintiff - Name, Address, Telephone Number & Code
Pro Se

### MILITARY SERVICE AFFIDAVIT

☐ Defendant(s) _____ is/are in the military service.
☒ No Defendant is in the military service. The facts supporting this statement are: the Defendants are Corporations.

_Specific facts must be given for the Court to conclude that each Defendant who is a natural person is not in the military._

☐ I am unable to determine whether or not any Defendant is in military service.
I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in the aforegoing Affidavit are true and correct to the best of my knowledge, information, and belief.

February 4, 2016          _Michael C. Worsham_
Date                       Signature of Affiant

### APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT

Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the Defendant clearly of the claim against the Defendant, including the amount of any interest claimed.
☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest worksheet
☐ Vouchers ☐ Check ☐ Other written document ☐ _____ ☐ Verified itemized repair bill or estimate
I HEREBY CERTIFY: That I am the ☐ Plaintiff ☐ _____ of the Plaintiff herein and am competent to testify to the matters stated in this complaint, which are made on my personal knowledge; that there is justly due and owing by the Defendant to the Plaintiff the sum set forth in the Complaint.
I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am competent to testify to these matters.

_____          _____
Date                              Signature of Affiant

DC-CV-001 (front) (Rev. 09/2014)

| | | |
|---|---|---|
| MICHAEL C. WORSHAM<br>1916 Cosner Road<br>Forest Hill, Maryland 21050 | *<br><br>* | IN THE DISTRICT COURT<br><br>FOR HARFORD COUNTY, MARYLAND |
| *Plaintiff* | * | |
| v. | * | Case #: 901- |
| MONITRONICS INTERNATIONAL, INC.<br>2350 Valley View Lane, Suite 100<br>Dallas, TX 75234-5736 | *<br>*<br>* | |
| Serve on: CT Corporation System<br>1999 Bryan St., Suite 900<br>Dallas, Texas 75201 | *<br>* | |
| ALLIANCE SECURITY, INC.<br>85 Garfield Avenue<br>Cranston, RI 02920 | *<br>* | |
| Serve on: Resident Agent<br>Sheldon Chamratz, same address | * | |
| *Defendants* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

The Plaintiff, Michael C. Worsham, sues the Defendants for violations of the Maryland Telephone Consumer Protection Act (MDTCPA), for making pre-recorded voice telemarketing solicitation calls to advertise and solicit their home security equipment, installation, and monitoring, made to Plaintiff's cellular telephone number that is on the National Do Not Call list registry, <u>after</u> Worsham had explicitly told Defendants not to call Worsham, and <u>after</u> Worsham had already sued Defendants in the Harford County Circuit Court for similar violations. Defendants' telemarketing included use of an automatic dialer, transmission of fake caller ID, fake caller names, and hanging up without leaving any message or identification.

## PARTIES

1. Plaintiff Michael C. Worsham resides in Harford County, Maryland, and has been the subscriber to his cellular (wireless) telephone number 410-557-6192 at all times relevant to this suit, a number which has been on the National Do Not Call (DNC) list since July 15, 2006, and which is used as a residential line.

2. Defendant **MONITRONICS INTERNATIONAL, INC.** ("Monitronics") is a Texas for-profit corporation with its main office in Dallas, TX.

3. Defendant **ALLIANCE SECURITY, INC.** ("Alliance") is a Delaware corporation with a main office at 85 Garfield Ave., Cranston, RI 02920, and a resident agent Sheldon Chamratz.

## ALLEGATIONS

### Defendants' telemarketing calls practices

4. Defendants, individually and in concert with others, and through the mutual assistance of one another and others, engaged in a conspiracy to call consumers, including at phone numbers that are on the National Do Not Call (DNC) list Registry, using an automatic telephone dialing system (ATDS), to make artificial or prerecorded voice calls for the purpose of encouraging people to buy their home security related products or services.

5. Defendants transmit false or spoofed Caller ID numbers and/or information.

6. Plaintiff can't call back Defendants at the Caller ID numbers transmitted by Defendants.

7. Defendants' prerecorded telemarketing messages identify a false name of the supposed caller, and the prerecorded voice asks the call recipient questions, and then transfers the call to a live sales representative or agent of one of the Defendants.

8. Defendants' hang up calls, like the one call alleged in this Complaint, do not include any message or identification and hang up even if the recipient like Plaintiff answer.

### Defendants called Plaintiff's wireless and residential number at least 10 times

9. Plaintiff alleges he received the following call from Defendants, and possibly other companies Defendants conspired with, to call Plaintiff's number 410-557-6192:

| Date | Time | Caller ID display | Call length | Message |
|---|---|---|---|---|
| June 17, 2015 | 10:45 AM | 443-062-3864 Unavailable | 3 sec. | None |

2

Plaintiff answered the June 17, 2015 Call, which lasted 3 seconds, but there was no person on the line to speak to Plaintiff, and no message left.

10. Plaintiff was damaged by the Call, which wasted his time, interrupted him, and created concern about who was calling him without identification.

11. Before the June 17, 2015 call to Plaintiff, Defendants and their agents or contractors as part of Defendants' telemarketing conspiracy over which Defendants exercise control, using different Caller IDs and prerecorded messages, had called Plaintiff at least 10 other times, and these 10 calls are part of a separate lawsuit filed n June 15, 2015 which is currently pending in the Northern District of West Virginia federal court.

12. Before the June 17, 2015 call to Plaintiff, Defendants had been sued numerous times by other person, including in several class action lawsuits over Defendants' telemarketing practices.

**Plaintiff's Do Not Call Requests to Defendants made prior to the June 17, 2015 call**

13. On June 5, 2015 Plaintiff sent an email to Monitronics, which requested under a paragraph labeled IMPORTANT, that Monitronics should not call Plaintiff again at any number.

14. On June 15, 2015 Plaintiff told an agent of Alliance named Don, who had called Plaintiff that day at 5:29 PM, several times not to call Plaintiff again.

**Additional Allegations**

15. Defendants' calls were initiated to deliver a prerecorded voice solicitation message.

16. Defendants are not identified during any part of the prerecorded voice messages.

17. Defendants exercised decision-making control over their respective policies, procedures and business practices, and made the decisions causing the violations.

18. Defendants conspired to called Plaintiff's number despite the number being on the national DNC registry, using pre-recorded voices, and intentionally did not leave a message in many of the calls, provide a phone number, or identify themselves during the prerecorded messages or in the Caller ID that they transmitted.

19. The purpose of Defendants' telemarketing and of the calls is to encourage purchase or rental of, or investment in, property, goods, or services offered by Defendants.

20. Defendants' Call failed to transmit or include Defendants' real phone number, and the numbers appearing on Plaintiff's Caller ID was a fake or spoofed number.

21. The name of the telemarketer is available for Caller ID transmission by both Plaintiff's and Defendants' carriers (including any contractors or agents used by Defendants).

22. Plaintiff's Caller ID equipment can and regularly does transmit the name of the caller, and both his and the Defendants' carriers are capable of transmitting the name of the caller.

23. Plaintiff has no business relationship of any kind with, and did not gave any prior permission to be solicited by any Defendant or their affiliates, agents, contractors or partners.

### Automatic Dialing and TCPA Allegations

24. Defendants' call was initiated and made with an *automatic telephone dialing system* (ATDS or autodialer).

25. Defendants' telephone call to Plaintiff violated the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6601-6108, as implemented by the Federal Trade Commission (FTC) in the Telemarketing Sales Rule, 16 C.F.R. Part 310.

26. Defendants made and assisted substantially to the initiation of telephone solicitations to the Plaintiff in violation of the MDTCPA and FTC regulations, on, but possibly not limited to, the date listed in this Complaint.

27. Defendants personally and substantially participated to help arrange for the solicitation calls to be initiated and ultimately delivered to Plaintiff's phone number.

28. Defendants made more than one call within a one year period to Plaintiff in violation of the MDTCPA and the FTC regulations.

29. Defendants are *telemarketers* engaged in *telemarketing* as defined by the FTC.

### Willful and Knowing Conduct Allegations

30. Defendants conspired to call Plaintiff and many others in Maryland knowing that they would be calling into Maryland.

31. Defendants through their conspiracy to call Plaintiff and others in Maryland had numerous, substantial and continuous contacts with Maryland during their calls.

32. Plaintiff's 410-557-6192 number has been on the national DNC list registry continuously since July 15, 2006 and prior to and at the time of all of Defendants' calls.

33. Defendants willfully ignore the national DNC list.

34. Defendants, including their agents or contractors, failed to pay the annual fee for access to telephone numbers within Plaintiff's area code 410 that are included on the national DNC list Registry maintained by the FTC.

35. On May 11, 2011 Defendant Monitronics was sued in a class action in the Circuit Court of Ohio County, West Virginia by Plaintiff Diana Mey for TCPA violations, alleging that

4

Monitronics called Mey over 10 times with a company then called Versatile Marketing Solutions, and which later became Alliance.

36. Monitronics was sued in several other TCPA class actions, which were combined with the *Mey* case in a multi-district case as *In re: Monitronics International, Inc., Telephone Consumer Protection Act Litigation*, N.D. West Virginia, MDL Case #1:13-md-2493.

37. Plaintiff alleges that Alliance Security was aware of the TCPA and that Monitronics had been sued for TCPA violations by Mey and others, prior to any calls made to the Plaintiff.

38. Defendants are all aware and know about, and approve of, the telemarketing calling patterns and practices used in any of their calling centers and/or used by of their agents or contractors.

39. Defendants all profited by and through the telemarketing calling patterns and practices their or their agents or contractors use and through their conspiracy to call and as part of the calls.

40. Defendants all ratified the acts and conduct of all person involve in the calls, including but not limited to employees, agents or contractors calling on their behalf, including any used to call Plaintiff, and profited by the ratification of these acts.

41. Defendants willfully and knowingly failed to clearly identify themselves or the individual callers during the calls, and specifically did not provide the name of the individual callers, the names of the person or entity on whose behalf the call is being made, and any telephone number other than that of the autodialer which initiated or placed the call.

42. Defendants' violations were done '*willfully*' and '*knowingly*,' as the term '*willful*' is defined at 47 U.S.C. § 312(f) and 47 U.S.C. § 503(b), and as the term '*knowingly*' is defined in 47 U.S.C. § 223(b)(1), and as both of these terms are interpreted by the FCC.

## COUNTS 1-9:

## MARYLAND TELEPHONE CONSUMER PROTECTION ACT (MDTCPA)

Plaintiff re-alleges all preceding paragraphs as if fully set forth herein. The MDTCPA, Maryland Annotated Code, Commercial Law Art. §§ 14-3201-14-3202, prohibits a person from violating the FCC and/or FTC telemarketing regulations, and which makes each prohibited telephone solicitation and each prohibited practice during a telephone solicitation a separate violation.

### COUNT 1: Failure to honor the National Do Not Call (DNC) list Registry

43. Defendants' Calls violated the FCC regulations at 47 C.F.R. § 64.1200(c)(2), which prohibit telephone solicitations to a number registered on the National DNC registry, and this violates

the MDTCPA, Maryland Annotated Code, Commercial Law Art. §§ 14-3201-3202.

**COUNT 2 : Calling a wireless and residential number without prior express consent**

44. Defendants' Calls violated an FCC regulation at 47 C.F.R. § 64.1200(a)(1)(iii), which provides that *"(1) Prohibitions: It shall be unlawful for any person . . . (A) to make any call (other than a call made for emergency purposed or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice - (iii) to any telephone number assigned to a paging service, cellular telephone service . . ."*

or in the alternative it is plead for this Count that:

Defendants' Calls violated the FCC regulation at 47 C.F.R. § 64.1200(a)(3), which makes it unlawful *"to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party."*

These FCC violations violates the MDTCPA, Maryland Annotated Code, Commercial Law Art. §§ 14-3201-3202

**COUNT 3 : Failure to identify a telemarketer and their telephone number**

45. Defendants' Call violated the FCC regulation at 47 C.F.R. § 64.1200(d)(4), which requires that *"A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."* This FCC violation violates the MDTCPA, Maryland Annotated Code, Commercial Law Art. §§ 14-3201-3202

**COUNT 4 : Failure to transmit full and complete Caller ID information**

46. Defendants' Call violated the FCC regulation at 47 C.F.R. § 64.1601(e)(i), which requires that *"Any person or entity that engages in telemarketing, as defined in section 64.1200(f)(7)*

*must transmit caller identification information . . .[and] must include either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer."* and also violates the FTC's similar provision at 16 C.F.R. § 310(a)(7). This FCC violation violates the MDTCPA, Maryland Annotated Code, Commercial Law Art. §§ 14-3201-3202

### COUNT 5 : Failing to provide an automated interactive voice opt out mechanism

47. <u>Count 5:</u> Defendants' Call violated the FCC regulation at 47 C.F.R. § 64.1200(b)(3), which requires that *"All artificial or prerecorded voice telephone messages shall: . . .(3) In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or [wireless numbers] . . . provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request, including brief explanatory instructions on how to use such mechanism, within two (2) seconds of providing the identification information required in paragraph (b)(1) of this section."* and also violates the MD-TCPA, Maryland Ann. Code, Commercial Law Art. §§ 14-3201-3202.

### FTC Telemarketing Sales Rule (TSR) violations which also violate the Maryland TCPA

48. <u>Count 6:</u> Defendants' Call violates 16 C.F.R. § 310.4(b)(1)(iii)(B), the FTC regulation which prohibits initiation of *"any outbound telephone call to a person when . . . (B) That person's telephone number is on the "do-not-call" registry,"* and this violation also violates the MDTCPA, Maryland Ann. Code, Commercial Law Art. §§ 14-3201-3202.

49. <u>Count 7:</u> Defendants' Call violates 16 C.F.R. § 310.8(a), the FTC regulation which makes it a violation of the TSR for *"any seller to initiate, or cause any telemarketer to initiate, an outbound telephone call to any person whose telephone number is within a given area code unless such seller, either directly, or through another person, first has paid the annual fee,*

7

*required by § 310.8(a), for access to telephone numbers within that area code that are included in the National Do Not Call Registry maintained by the Commission,"* which violates the MDTCPA, Maryland Ann. Code, Commercial Law Art. §§ 14-3201-3202.

50. **Count 8:** Defendants' Call violates 16 C.F.R. § 310.5(d)(1), the FTC regulation which requires that a telemarketer *"disclose truthfully, promptly, and in a clear and conspicuous manner to the person receiving the call...(1) The identity of the seller; (2) That the purpose of the call is to sell goods or services; (3) The nature of the goods or services."* which violates the MDTCPA, Maryland Ann. Code, Commercial Law Art. §§ 14-3201-3202.

51. **Count 9:** Defendants' Call violates 16 C.F.R. § 310.4(a)(8), the FTC regulation which prohibits *"(8) Failing to transmit or cause to be transmitted the telephone number, and, when made available by the telemarketer's carrier, the name of the telemarketer, to any caller identification service in use by a recipient of a telemarketing call.",* which violates the MDTCPA, Maryland Ann. Code, Commercial Law Art. §§ 14-3201-3202.

### REQUESTED RELIEF

52. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

53. Each failure on a separate occasion by any Defendant or its conspiring partners, employees, agents or contractors to comply with the FCC or FTC regulations constitutes a separate violation of the federal regulations and Maryland TCPA.

### Maryland TCPA Damages

54. **Counts 1 to 9:** For each of the 9 violations identified so far, Plaintiff demands $500 for each of the 9 separate violation of the Maryland TCPA in Counts 1 to 9, pursuant to Maryland Commercial Law Art. § 14-3202(b)(2), and reasonable attorneys fees as may be applicable.

8

55.     Plaintiff seeks under the Maryland TCPA: 9 Maryland TCPA violations x $500/violation = **$4,500 in Maryland TCPA statutory damages**.

WHEREFORE the Plaintiff seeks from the Defendants jointly and severally $4,500 in Maryland statutory damages, for the solicitation violations identified thus far, reasonable attorneys fees as may apply, costs, and other such relief as is just and necessary.

Respectfully submitted,

*/s/ Michael C. Worsham*

Michael C. Worsham, Plaintiff, Pro Se
1916 Cosner Road
Forest Hill, Maryland 21050
410-692-2749

February 4, 2016