**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MICHAEL C. WORSHAM** | ) | |
|     **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil No. 1:16-cv-00600-GLR** |
| **MONITRONICS INTERNATIONAL** | ) | |
| **INC.,** *et al.* | ) | |

**ALLIANCE SECURITY, INC.'S ANSWER TO COMPLAINT**

Comes now Alliance Security, Inc., by counsel, and answers Plaintiff's Complaint

as follows:

### I.      PARTIES

1.      Alliance responds that Paragraph 1.1 of the Plaintiff's Complaint does not contain

actionable allegations of fact but represents the Plaintiff's view and does not require a response.

To the extent that a response is required, Alliance denies the allegations in Paragraph 1.

2.      Alliance admits the allegation.

3.      Alliance admits in part and denies in part.  Alliance admits that it is a corporation

organized under the laws of Delaware.  Alliance denies that its current resident agent is Sheldon

Chamratz.

### II.     ALLEGATIONS

4.      Alliance denies the allegations made in Paragraph 4.

5.      Alliance denies the allegations made in Paragraph 5.

6.      Alliance responds that Paragraph 6 of the Plaintiff's Complaint does not contain

actionable allegations of fact but represents the Plaintiff's view of the law and does not require a

response.  To the extent that a response is required, Alliance denies the allegations in Paragraph 6.

7.      Alliance denies the allegations made in Paragraph 7.

8.      Alliance denies the allegations made in Paragraph 8

9.      Alliance denies the allegations made in Paragraph 9.

10.      Alliance responds that Paragraph 10 of the Plaintiff's Complaint does not contain actionable allegations of fact but represents the Plaintiff's view of the law and does not require a response.  To the extent that a response is required, Alliance denies the allegations in Paragraph 10.

11      Alliance denies the allegations made in Paragraph 11.

12      Alliance responds that Paragraph 12 of the Plaintiff's Complaint does not contain actionable allegations of fact but represents the Plaintiff's view and does not require a response. To the extent that a response is required, Alliance denies the allegations in Paragraph 12.

13.      Alliance responds that Paragraph 13 of the Plaintiff's Complaint does not contain actionable allegations of fact but represents the Plaintiff's view and does not require a response. To the extent that a response is required, Alliance denies the allegations in Paragraph 13.

14.      Alliance denies the allegations in Paragraph 14.

15.      Alliance denies the allegations in Paragraph 15.

16.      Alliance denies the allegations in Paragraph 16.

17.      Alliance denies the allegations in Paragraph 17.

18.      Alliance denies the allegations in Paragraph 18.

19.      Alliance denies the allegations in Paragraph 19.

20.      Alliance denies the allegations in Paragraph 20.

21.     Alliance responds that Paragraph 21 of the Plaintiff's Complaint does not contain actionable allegations of fact but represents the Plaintiff's view and does not require a response. To the extent that a response is required, Alliance denies the allegations in Paragraph 21.

22.     Alliance responds that Paragraph 22 of the Plaintiff's Complaint does not contain actionable allegations of fact but represents the Plaintiff's view and does not require a response. To the extent that a response is required, Alliance denies the allegations in Paragraph 22.

23.     Alliance responds that Paragraph 23 of the Plaintiff's Complaint does not contain actionable allegations of fact but represents the Plaintiff's view and does not require a response. To the extent that a response is required, Alliance denies the allegations in Paragraph 23.

24.     Alliance denies the allegations in Paragraph 24.

25.     Alliance denies the allegations in Paragraph 25.

26.     Alliance denies the allegations in Paragraph 26.

27.     Alliance denies the allegations in Paragraph 27.

28.     Alliance denies the allegations in Paragraph 28.

29.     Alliance admits the allegations in Paragraph 29.

30.     Alliance denies the allegations in Paragraph 30.

31.     Alliance denies the allegations in Paragraph 31.

32.     Alliance responds that Paragraph 32 of the Plaintiff's Complaint does not contain actionable allegations of fact but represents the Plaintiff's view and does not require a response. To the extent that a response is required, Alliance denies the allegations in Paragraph 32.

33.     Alliance denies the allegations in Paragraph 33.

34.     Alliance admits the allegations in Paragraph 34.

35.     Alliance responds that Paragraph 35 of the Plaintiff's Complaint does not contain actionable allegations of fact but represents the Plaintiff's view and does not require a response. To the extent that a response is required, Alliance denies the allegations in Paragraph 35.

36.     Alliance admits this allegation.

37.     Alliance responds that Paragraph 37 of the Plaintiff's Complaint does not contain actionable allegations of fact but represents the Plaintiff's view and does not require a response. To the extent that a response is required, Alliance denies the allegations in Paragraph 37.

38.     Alliance denies the allegation in Paragraph 38.

39.     Alliance denies the allegations in Paragraph 39.

40.     Alliance denies the allegations in Paragraph 40.

41.     Alliance denies the allegations in Paragraph 41.

42.     Alliance denies the allegations in Paragraph 42.

**III.     COUNT 1-9**

43.     Alliance responds that Paragraph 43 of the Plaintiff's Complaint does not contain actionable allegations of fact but represents the Plaintiff's view of the law and does not require a response.  To the extent that a response is required, Alliance denies the allegations in Paragraph 43.

44.     Alliance responds that Paragraph 43 of the Plaintiff's Complaint does not contain actionable allegations of fact but represents the Plaintiff's view of the law and does not require a response.  To the extent that a response is required, Alliance denies the allegations in Paragraph 44.

45.     Alliance responds that Paragraph 43 of the Plaintiff's Complaint does not contain actionable allegations of fact but represents the Plaintiff's view of the law and does not require a

response.  To the extent that a response is required, Alliance denies the allegations in Paragraph 45.

46.     Alliance responds that Paragraph 46 of the Plaintiff's Complaint does not contain actionable allegations of fact but represents the Plaintiff's view of the law and does not require a response.  To the extent that a response is required, Alliance denies the allegations in Paragraph 46.

47.     Alliance responds that Paragraph 47 of the Plaintiff's Complaint does not contain actionable allegations of fact but represents the Plaintiff's view of the law and does not require a response.  To the extent that a response is required, Alliance denies the allegations in Paragraph 47.

48.     Alliance responds that Paragraph 48 of the Plaintiff's Complaint does not contain actionable allegations of fact but represents the Plaintiff's view of the law and does not require a response.  To the extent that a response is required, Alliance denies the allegations in Paragraph 48.

49.     Alliance denies the allegation in Paragraph 49.

50.     Alliance responds that Paragraph 50 of the Plaintiff's Complaint does not contain actionable allegations of fact but represents the Plaintiff's view of the law and does not require a response.  To the extent that a response is required, Alliance denies the allegations in Paragraph 50.

51.     Alliance responds that Paragraph 51 of the Plaintiff's Complaint does not contain actionable allegations of fact but represents the Plaintiff's view of the law and does not require a response.  To the extent that a response is required, Alliance denies the allegations in Paragraph 51.

**IV.    REQUESTED RELIEF**

52.     Alliance responds that Paragraph 52 of the Plaintiff's Complaint does not contain actionable allegations of fact but represents the Plaintiff's view and does not require a response. To the extent that a response is required, Alliance denies the allegations in Paragraph 52.

53.     Alliance denies the allegations in Paragraph 53.

54      Alliance responds that Paragraph 54 of the Plaintiff's Complaint does not contain actionable allegations of fact but represents the Plaintiff's view of the law and does not require a response.  To the extent that a response is required, Alliance denies the allegations in Paragraph 54.

55.     Alliance responds that Paragraph 55 of the Plaintiff's Complaint does not contain actionable allegations of fact but represents the Plaintiff's view of the law and does not require a response.  To the extent that a response is required, Alliance denies the allegations in Paragraph 55.

**AFFIRMATIVE DEFENSES**

1.      The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims against Alliance are barred, in whole or in part, to the extent they allege injuries, damages, or losses were directly and proximately caused by the intervening, superseding acts and conduct of others over whom Alliance had no control.

3.      Alliance acted in good faith and had reasonable grounds for believing that its conduct did not violate any law, and Alliance's conduct did not violate any law as alleged.

4.      Plaintiff's claims and causes of action are barred, in whole or in part, because Alliance complied with all applicable federal, state, local, and statutory laws and industry standards.

5.      Alliance is entitled to the benefit of all defenses and presumptions contained in or arising from any rule of law or statute, including the TCPA.

6.      Alliance intends to rely on all defenses available from the evidence at the time of trial, and expressly reserves the right to assert such defenses as more facts become known.

7.      A person or entity other than Alliance is responsible for placing one or more of the telephone calls at issue in this civil action.

8.      Alliance has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA, and by so doing maintains a Safe Harbor defense as defined in the TCPA 47 U.S.C. §227 (c)(5)(C).

9.      Plaintiff's claims are barred because Alliance did not engage in negligent, willful, and/or intentional misconduct.

10.     Alliance asserts that, if there is any negligence or liability of any of the parties named herein, which is denied, it is the sole and exclusive negligence and liability of such other persons or entities which caused Plaintiff's alleged damages and, not the acts or omissions of Alliance.

11.     Alliance reserves the right to assert all available affirmative defenses, whether or not they have been specifically asserted herein, including, but not limited to, the defenses set forth in Rules 8(c) and 12 of the Federal Rules of Civil Procedure, the defenses set forth in TCPA 47 U.S.C. §227 (c)(5)(C).

12.     Plaintiff's claims against Alliance are barred by consent to be contacted by Alliance.

13.     Plaintiff's claims against Alliance are barred by the doctrine of "unclean hands" due to his admission that he baited Alliance into making calls which he identifies as part of his claims against Alliance.

14.     Plaintiff's claims on behalf of purported class members, or some of them, have been settled, compromised and agreed by the consumers individually or by administrative action by state and federal agencies and are therefore barred.

15.     The FCC's determination of "on behalf of" liability is not entitled to deference under *Chevron U. S. A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U. S. 837 (1984).

16.     The causes of action for alleged violations of the Code of Federal Regulations should be dismissed because the Code of Federal Regulations provisions at issue are contrary to the enabling statute and exceed the scope of the FCC's authority to promulgate the regulations at issue.

[The space below is intentionally blank]

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, Defendant Alliance Security, Inc.

prays that this Court will dismiss this suit with prejudice and grant such other and further relief

as it deems just and proper.

**ALLIANCE SECURITY, INC.**

**BY:  SPILMAN THOMAS & BATTLE, PLLC**


/s/ Don C. A. Parker
Don C.A. Parker (USDC Bar # 11366)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East
P.O. Box 273
Charleston, WV  25321-0273
Telephone: (304) 340-3800
Facsimile: (304) 340-3801
dparker@spilmanlaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MICHAEL C. WORSHAM** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil No. 1:16-cv-00600-GLR** |
| **MONITRONICS INTERNATIONAL** | ) | |
| **INC.,** *et al.* | ) | |


### CERTIFICATE OF SERVICE

I, Don C.A. Parker hereby certify that on the 8th day of April, 2016, I served the

foregoing ***"Alliance Security, Inc.'s Answer to Complaint"*** with the Clerk of this Court using

the CM/ECF system and by sending a true copy of such filing to the following:

> Michael C. Worsham
> 1916 Cosner Road
> Forest Hills, MD  21050
> **Plaintiff, Pro Se**


/s/ Don C. A. Parker
Don C.A. Parker (USDC Bar # 11366)